FILED
CLERK, U.S. DISTRICT COURT

AUG 10 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEVIN JESSIE WALKER,                )   NO. CV 09-1322-GAF(E)
                                    )
            Petitioner,             )
                                    )
       v.                           )   ORDER ADOPTING FINDINGS,
                                    )
LINDA SANDERS, Warden,              )   CONCLUSIONS AND RECOMMENDATIONS
                                    )
            Respondent.             )   OF UNITED STATES MAGISTRATE JUDGE
                                    )
_____)


        Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  The Court approves
and adopts the Magistrate Judge's Report and Recommendation.

        IT IS ORDERED that Judgment be entered denying and dismissing
the Petition without prejudice as moot.
///
///
///
///

1      IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2 the Magistrate Judge's Report and Recommendation and the Judgment

3 herein by United States mail on Petitioner and counsel for

4 Respondent.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8      DATED: _____8/7_____, 2009.

9

10

11

12                        GARY A. FEESS

                UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN JESSIE WALKER, | ) | NO. CV 09-1322-GAF(E) |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| LINDA SANDERS, Warden, | ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Gary A. Feess, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## BACKGROUND

Petitioner, a federal prisoner, filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" on February 25, 2009.  The Petition challenges the Federal Bureau of Prisons' refusal to provide Petitioner any more than 180-days' confinement at a Residential



1  Reentry Center ("RRC") at the conclusion of Petitioner's prison

2  sentence.[1]  The Petition seeks: (1) an order directing the BOP to

3  reconsider Petitioner for RRC placement; (2) an order directing

4  Respondent to show cause why a writ of habeas corpus should not issue

5  invalidating the BOP's decision; and (3) issuance of a writ of habeas

6  corpus or "an order in the nature of mandamus" declaring that the

7  relevant statutes authorize the BOP, "in its discretion based on the

8  five factors, to designate a RRC or home confinement as the place for

9  service of any portion of [Petitioner's] sentence" (Petition, pp. 15-

10  16).

11

12      Respondent filed a Motion to Dismiss on March 19, 2009 ("Motion

13  to Dismiss"), arguing that the Court lacked subject matter

14  jurisdiction because Petitioner assertedly had failed to exhaust

15  administrative remedies under the Prison Litigation Reform Act, 42

16  U.S.C. section 1997e(a) ("PLRA").  Petitioner filed Opposition to the

17  motion on April 7, 2009.  Respondent filed a Reply on April 29, 2009.

18  On May 12, 2009, the Court issued an Order Denying Motion to Dismiss.

19  The Court ruled that the PLRA does not apply to this habeas corpus

20  action.   The Court also waived any prudential exhaustion requirement

21  _____

22      [1]   The Bureau of Prisons defines a "Residential Reentry
    Center" as:
23

24          The location in which the Contractor's programs are
            operated; also called facility, center, community
25          treatment center (CTC), or a halfway house.  A RRC is
            considered a penal or correctional facility.
26
    See Bureau of Prisons, Statement of Work (SOW) Residential
27  Reentry Center, Attachment F, p. 1 (August 2007), available at
    www.bop.gov/locations/cc/res_reentry_sow_2007.pdf (last visited
28  July 1, 2009).



2

1  to the extent any part of such requirement remained unfulfilled by

2  Petitioner.

3

4       On June 4, 2009, Respondent filed a "Response to Petition for a

5  Writ of Habeas Corpus, etc." ("Response").  On June 23, 2009,

6  Petitioner filed "Petitioner's Reply to Respondent's Answer, etc."

7  ("Reply").  In the Reply, Petitioner requests an immediate transfer to

8  an RRC (Reply, pp. 9-10).

9

10                          **LEGAL BACKGROUND**

11

12       The Bureau of Prisons ("BOP") is authorized to "designate the

13  place of [a] prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP

14  is solely responsible for designating the place of confinement.

15  18 U.S.C. § 3621(b); <u>see also</u> <u>United States v. Dragna</u>, 746 F.2d 457,

16  458 (9th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1211 (1985) (district

17  court does not have jurisdiction to decide the location of a

18  defendant's incarceration; that decision rests solely with the

19  executive branch); <u>United States v. Charry Cubillos</u>, 91 F.3d 1342,

20  1343 n.1 (9th Cir. 1996) (same).

21

22       The BOP may direct the transfer of a prisoner from one penal or

23  correctional facility to another "at any time," upon consideration of

24  five specified factors:

25

26       (1) the resources of the facility contemplated;

27

28       (2) the nature and circumstances of the offense;



3

1      (3) the history and characteristics of the prisoner;

2

3      (4) any statement by the court that imposed the sentence--

4

5      (A) concerning the purposes for which the sentence to

6      imprisonment was determined to be warranted; or

7

8      (B) recommending a type of penal or correctional facility as

9      appropriate; and

10

11     (5) any pertinent policy statement issued by the Sentencing

12     Commission pursuant to section 994(a)(2) of title 28.

13

14  18 U.S.C. § 3621(b).

15

16      Prior to 2008, section 3624(c)(1) of Title 18, United States

17  Code, provided, in pertinent part, that the BOP "shall, to the extent

18  practicable, assure that a prisoner serving a term of imprisonment

19  spends a reasonable part, not to exceed six months, of the last 10 per

20  centum of the term to be served under conditions that will afford the

21  prisoner a reasonable opportunity to adjust to and prepare for the

22  prisoner's re-entry into the community."

23

24      In 2005, the BOP issued a regulation providing that it would

25  "designate inmates to community confinement only as part of pre-

26  release custody and programming, during the last ten percent of the

27  prison sentence to be served, not to exceed six months."   28 C.F.R. §

28

4

1  570.21(a).[2]  Thereafter, several courts held that the regulation

2  placing a categorical temporal restriction on RRC eligibility

3  placement contravened section 3621(b).  <u>See, e.g.</u>, <u>Wedelstedt v.</u>

4  <u>Wiley</u>, 477 F.3d 1160 (10th Cir. 2007); <u>Levine v. Apker</u>, 455 F.3d 71

5  (2d Cir. 2006); <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006);

6  <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005).

7

8       Congress acted.  On April 9, 2008, the President signed into law

9  the "Second Chance Act of 2007," Pub. L. 110-199, 122 Stat. 657 (2007)

10  ("the Act").  The Act required the BOP to modify section 570.21 of the

11  regulations.  <u>See</u> 18 U.S.C. § 3624(c)(6) (as amended) (requiring the

12  issuance of regulations to ensure that placement in an RRC is

13  conducted in a manner consistent with 18 U.S.C. § 3621(b) and is

14  determined on an individual basis); House Report 110-140, 2007 WL

15  1378789, at *46 (May 9, 2007) (indicating that the amendment to

16  section 3624 would require modification of section 570.21 of the

17  regulations).  The Act's amendment of section 3624 also lengthened

18  from six to twelve months the maximum portion of the sentence that may

19  demarcate the "reasonable opportunity to adjust to and prepare for the

20  prisoner's reentry into the community."  18 U.S.C. § 3624(c)(1) (as

21

22

23

24

25

26

27

28

       [2]     As discussed <u>infra</u>, the BOP no longer enforces this
aspect of section 570.21(a).

1 | amended).[3]

2

3 | On April 14, 2008, the BOP issued a Memorandum providing guidance

4 | on pre-release RRC placement decisions in light of the Act

5 | (Declaration of Gina Kowalewski attached to Response ["Kowalewski

6 | Dec."], ¶ 5, Ex. B). The Memorandum provides that 28 C.F.R. section

7 | 570.21 is no longer applicable and must no longer be followed in

8 | making placement decisions (Kowalewski Dec., ¶ 5; Ex. B, p. 30). The

9 | Memorandum indicates that the BOP must now review inmates for pre-

10 | release placements 17 to 19 months before the projected release date

11 | (Kowalewski Dec., Ex. B, p. 31). The Memorandum also indicates that

12 | the BOP must assess inmates individually, considering the pre-release

13 | factors set out in 18 U.S.C. section 3621(b) (id., pp. 31-32). To

14 | ensure each placement is "of sufficient duration to provide the

15 | greatest likelihood of successful reintegration into the community,"

16 | the BOP must review each case with the understanding that an inmate is

17 | eligible for a maximum of twelve months RRC placement (Id., p. 32,

18 | citing 18 U.S.C. § 3624(c)(6) (as amended)). According to the

19 | Memorandum, "Bureau experience reflects inmates' pre-release RRC

20 | needs can usually be accommodated by a placement of six months or

21 | less" (id., p. 32). The Warden must obtain the written concurrence of

22 | the Regional Director before submitting a placement exceeding six

23 | ———————————

24 | [3] Section 3624(c)(1) now provides: "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a

25 | prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under

26 | conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that

27 | prisoner into the community. Such conditions may include a community correctional facility."

28 |



6

1 months (_id._).

2

3    On September 4, 2008, the Ninth Circuit issued its decision in
4 _Rodriquez v. Smith_, 541 F.3d 1180 (9th Cir. 2008), joining its sister
5 circuits in declaring former 28 C.F.R. section 570.21 invalid as
6 inconsistent with 18 U.S.C. section 3621(b).

7

8    The BOP amended the pertinent regulations effective October 21,
9 2008.   Section 570.21(a) of Title 28, Code of Federal Regulations now
10 provides:   "Inmates may be designated to community confinement as a
11 condition of pre-release custody and programming during the final
12 months of the inmate's term of imprisonment, not to exceed twelve
13 months."   Inmates are considered for pre-release community confinement
14 "in a manner consistent with 18 U.S.C. section 3621(b), determined on
15 an individual basis, and of sufficient duration to provide the
16 greatest likelihood of successful reintegration into the community,
17 within the time frames set forth in this part."   18 C.F.R. § 570.22.

18

19    On November 14, 2008, the BOP issued a Memorandum indicating
20 that, when considering an inmate's request for a transfer to an RRC
21 "prior to the pre-release time frame of 12-months from release, staff
22 must individually consider the request, just as they would any other
23 request for lower security transfer," using the five factors set forth
24 in section 3621(b) (Response, Ex. C).

25

26    In sum, the BOP has discretionary authority to transfer an inmate
27 to an RRC at any time, upon consideration of the five factors set
28 forth in section 3621(b), and has a separate statutory obligation to



7

consider an inmate for transfer to an RRC for a period of up to twelve
months prior to the inmate's release date, again using the five
factors set forth in section 3621(b).  See <u>Rodriguez v. Smith</u>, 541
F.3d at 1184-85.

**FACTUAL BACKGROUND**

On February 3, 1999, the United States District Court for the
Northern District of California sentenced Petitioner to a prison term
of 168 months for attempted possession of cocaine with intent to
distribute (Motion to Dismiss, Ex. 1).  Given available credits,
Petitioner's projected release date is July 16, 2010 (Kowalewski Dec.,
Ex. A, p. 25).

Petitioner suffers from coccidioidomycosis ("valley fever")
(Petition, p. 2).  In August of 2008, while Petitioner was confined at
the Federal Correctional Institution at Terminal Island, California
("FCI TI"), Petitioner applied for transfer to an RRC (Petition, ¶ 20,
p. 5).  On September 26, 2008, FCI TI staff recommended that
Petitioner receive a 180-day RRC placement (Kowalewski Dec., ¶ 11;
Ex. E).

On November 21, 2008, Plaintiff was transferred to the Federal
Prison Camp at Lompoc (Petition, p. 3; Kowalewski Dec., ¶ 8).
According to Respondent, on December 18, 2008, a Unit Team consisting
of Gina Kowalewski, Petitioner's case manager, and another
correctional counsel conducted a Program Review with Petitioner



1  (Kowalewski Dec., ¶ 8).[4]  Petitioner requested an immediate transfer

2  to an RRC in light of Petitioner's medical condition (Petition, p. 3).

3  The Unit Team determined that a 180-day RRC placement was appropriate

4  (Kowalewski Dec., Ex. D, p. 64).

5

6       Petitioner also submitted an "Inmate Request to Staff" on

7  November 29, 2008, requesting an 18-month RRC placement, assertedly so

8  that the responsibility for obtaining experimental treatment for

9  Petitioner's medical condition allegedly would be that of Petitioner

10  and his family (Motion to Dismiss, Ex. 6).  The Warden denied the

11  request on December 4, 2008 (Petition, Ex. G).  The Warden stated,

12  among other things, that BOP policy precluded experimental treatment

13  for Petitioner's medical condition, that there was no policy or

14  statute authorizing a waiver to relieve staff of liability for such

15  treatment, and that transfer to an RRC did not affect this

16  prohibition.  Id.  Petitioner submitted another "Inmate Request to

17  Staff" which the Warden again denied on February 4, 2009 (Petition,

18  Ex. G).  According to Petitioner, Petitioner's present RRC placement

19  will begin on January 16, 2010 (see Reply, p. 4).[5]

20  ///

21  ///

22  ///

23  ///

24  _____

25      [4]    Petitioner contends this review occurred on January 7,
    2009 (Reply, p. 3).

26
        [5]    According to the Warden's February 4, 2009 response to
27  Petitioner's "Inmate Request to Staff," Petitioner's projected
    date of transfer to an RRC is January 18, 2010 (see Petition, Ex.
28  G).



9

DISCUSSION

Petitioner argues that, despite the passage of the Act, the BOP continues to deny inmates' requests for RRC placement on a categorical basis, and assertedly denied Petitioner's recent requests on a categorical basis.  The record clearly demonstrates, however, that the BOP did not deny Petitioner's recent requests on a categorical basis.  Rather, the record demonstrates that the BOP gave Petitioner's requests appropriate, individualized consideration.  Therefore, Petitioner already has received all of the relief which this Court possibly might grant to him in response to his Petition.  Accordingly, the Petition should be denied and dismissed without prejudice as moot.

A federal court's jurisdiction is limited to cases or controversies.  U.S. Const. art. III, § 2; <u>see also</u> <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70 (1983) (discussing same).  "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1992) (quoting <u>Mills v. Green</u>, 159 U.S. 651, 653 (1895)).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." <u>American Rivers v. Nat. Marine Fisheries Serv.</u>, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation omitted); <u>see also</u> <u>Church of Scientology of Cal.</u>, 506 U.S. at 12 (noting that a case becomes moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party," quoting <u>Mills v. Green</u>, 159 U.S. at 653).  A court cannot grant any

10



effectual relief where a plaintiff or petitioner already has received

all of the relief sought.  See Von Staich v. Hamlet, 2007 WL 3001726,

at *1 (9th Cir. Oct. 16, 2007) (unpublished);[6] see Coleman v.

California Board of Prison Terms, 228 Fed. App'x 673 (9th Cir. Apr. 6,

2007) (unpublished) (implementation of desired parole procedure moots

controversy regarding whether such procedure previously was withheld

illegally).

In her declaration, Case Manager Kowalewski states that, in the

December 18, 2008 Program Review, the Unit Team individually assessed

Petitioner using the five factors (Kowalewski Dec., ¶ 9).  The Unit

Team assertedly considered, inter alia:

(1) the likelihood that Petitioner would be placed in an RRC in

Northern California,[7] Petitioner's release address with his sister and

Petitioner's "apparently extensive family support";

(2) Petitioner's drug trafficking offense;

(3)  Petitioner's strong community ties, participation in Release

Preparation Programs and educational programs, daily living and

financial management skills, release plan with his sister, family

support, and chronic medical condition "which is stable, but will

---

[6]    The Court may cite unpublished Ninth Circuit opinions
issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir.
Rule 36-3(b); Fed. R. App. P. 32.1(a).

[7]    The Unit Team had not yet contacted RRCs in Salinas,
Oakland and San Francisco to determine their availability
(Kowalewski Dec., ¶ 9(a)).



11

1  require on-going monitoring," as well as Petitioner's alleged failures

2  to enroll in a resume development class, to apply for a social

3  security card and to save money for release;

4

5      (4)  the absence of any [sentencing] court recommendation; and

6

7      (5) the absence of any policy statement issued by the United

8  States Sentencing Commission

9

10  (Kowalewski Dec., ¶ 9).  According to Case Manager Kowalewski, the

11  Unit Team determined, based on training and experience, that transfer

12  to an RRC for 180 days was "of sufficient duration to provide

13  Petitioner the greatest likelihood of successful reintegration into

14  society" (Kowalewski Dec., ¶ 10).

15

16      A thirteen-page "Inmate Skills Development Plan" reflects the

17  Unit Team's Program Review (see Kowalewski Dec., Ex. D).  This

18  document shows that the Unit Team considered various factors including

19  Petitioner's academic and vocational development, interpersonal

20  relationships, wellness, mental health, cognitive ability, character,

21  leisure activities, and daily living skills.  Contrary to Petitioner's

22  apparent argument, the Unit Team manifestly did not make its

23  determination on any categorical basis.

24

25      Petitioner mounts various attacks on the BOP's decision.

26  Petitioner disputes Kowalewski's statement that Petitioner's medical

27  condition is "stable," asserting rather that Petitioner's condition

28  allegedly is untreatable except for possible "experimental" treatment

12

1  (Reply, p. 5).  Petitioner cites examples of the alleged

2  "carelessness" with which prison officials assertedly have treated

3  Petitioner, including alleged misstatements concerning Petitioner's

4  length of confinement and Petitioner's alleged failure to apply for a

5  social security card (see Reply, pp. 7-8).  Petitioner complains,

6  inter alia, that the Unit Team assertedly failed to redact

7  Petitioner's sister's personal information from the Program Review,

8  disregarded the asserted unavailability of release to Petitioner's

9  sister, ignored Petitioner's alleged inability to complete a pre-

10  release program due to a transfer, and backdated the "Inmate Skills

11  Development Plan" (see Reply, pp. 7-9).

12

13      Regardless of these allegations, the fact remains that the BOP

14  considered the five factors set forth in section 3621(b) in

15  determining that Petitioner should receive only a 180-day RRC

16  placement.  Nothing in the statute, the regulations or the BOP's

17  memoranda mandate any particular duration of that RRC placement.  The

18  duration of RRC placement is a matter as to which the BOP retains

19  discretionary authority.  See Berry v. Sanders, 2009 WL 789890, at *6

20  (C.D. Cal. Mar. 20, 2009); Montes v. Sanders, 2008 WL 2844494, at *2

21  (C.D. Cal. July 22, 2008); see also Reid v. Dewalt, 2009 WL 383404, at

22  *6 (E.D. Ky. Feb. 11, 2009); Arred v. Phillips, 2008 WL 4219074, at

23  *3, n.2 (N.D. W.Va. Sept. 15, 2008) (noting that the court lacks

24  authority to order the BOP to afford a longer period of RRC placement

25  once a decision is made).

26

27      Thus, although Petitioner may not receive as much time in an RRC

28  as he desires, Petitioner has already received the only relief this



13

1  Court properly could order, _i.e._, individualized consideration for RRC

2  placement in accordance with sections 3621(b) and 3624(c).

3  Accordingly, the Petition is moot.  <u>See, e.g.</u>, <u>Washington v.</u>

4  <u>Copenhaver</u>, 2009 WL 1814460, at *3-4 (N.D. Cal. June 24, 2009)

5  (challenge to duration of 180-day RRC placement moot where petitioner

6  received individualized assessment of request for an extended RRC

7  placement); <u>Tanner v. Deboo</u>, 2009 WL 1026027, at *4 (E.D. Cal.

8  Apr. 15, 2009), <u>report and recommendation adopted</u>, 2009 WL 1459040

9  (E.D. Cal. May 26, 2009) (same); <u>Berry v. Sanders</u>, 2009 WL 789890, at

10  *7 (same); <u>Delpit v. Sanders</u>, 2008 WL 5263825, at *2 (C.D. Cal.

11  Dec. 15, 2008) (same).

12

13       The Court must reject Petitioner's apparent invitation to reweigh

14  the statutory factors and to make a different placement decision than

15  the decision made by the BOP.  It is for the BOP, not the Court, to

16  weigh the statutory factors and to make the discretionary placement

17  decision.  The BOP considered the requisite factors, and some evidence

18  supports the BOP's placement decision.  The law requires nothing more.

19  <u>Cf.</u> <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985) (even when a

20  prison official's decision concerns a prisoner's constitutionally

21  protected liberty interest, due process requires only that the

22  decision be supported by "some evidence;" evidence that is "meager" or

23  indirect may constitute "some evidence").

24

25       In sum, because the BOP's individualized consideration of

26  Petitioner's requests for placement in an RRC has given Petitioner all

27  the relief to which he conceivably could be entitled at this time, the

28



14

1  Petition should be denied and dismissed as moot.[8]

2

3       For all of the foregoing reasons,[9] IT IS RECOMMENDED that the

4  Court issue an Order: (1) approving and adopting this Report and

5  Recommendation; and (2) directing that Judgment be entered denying and

6  dismissing the Petition without prejudice as moot.

7

8            DATED:   July 6, 2009.

9

10                                    _____/s/_____

11                                    CHARLES F. EICK
                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20       [8]    To the extent Petitioner seeks an order directing the
21  BOP to release him to home confinement any earlier than 180-days
    prior to his release date, Petitioner may not obtain any such
22  relief.   Section 3624(c)(2) authorizes the BOP to place a
    prisoner in home confinement "for the shorter of 10 percent of
23  the term of imprisonment . . . or 6 months." See also 28 C.F.R.
    § 570.21(b).   To the extent Petitioner alleges mistreatment by
24  prison officials or poor medical care while in prison, such
    complaints are properly brought in a civil rights action, not a
25  habeas corpus petition.   See Preiser v. Rodriguez, 411 U.S. 475,
26  498-99 (1973).

27       [9]    The Court has read, considered and rejected on the
    merits all of Petitioner's contentions.   The Court discusses
28  Petitioner's principal contentions herein.



15

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.